19-3273-cv
Morris & Judith Family Partnership, LLC v. Fidelity Brokerage Servs. LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 18th day of December, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             WILLIAM J. NARDINI,
                  *Circuit Judges*,

_____

MORRIS & JUDITH FAMILY PARTNERSHIP, LLC,

                  *Plaintiff-Appellant*,

             v.                                          19-3273-cv

FIDELITY BROKERAGE SERVICES LLC,

                  *Defendant-Third Party-Plaintiff-Appellee*.[1]

_____

Appearing for Appellant:     Jeffrey Schreiber, Meister Seelig & Fein LLP, New York, N.Y.

Appearing for Appellee:      Daniel H. Tabak, Cohen & Gresser LLP (Sharon L. Barbour, *on the brief*), New York, N.Y.

_____

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Morris & Judith Family Partnership ("Morris Partnership") appeals from an order entered on April 23, 2019, and a final judgment entered on September 13, 2019, in the United States District Court for the Southern District of New York (Rakoff, *J.*), granting Fidelity Brokerage Services LLC's ("Fidelity") motion for summary judgment against the Morris Partnership on the Morris Partnership's breach of contract claim and denying the Morris Partnership's motion for summary judgment against Fidelity. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The district court granted Fidelity's motion based on a limitation of liability provision in Fidelity's customer agreement (the "Agreement"). The provision required the Morris Partnership to notify Fidelity immediately of suspicious activity in the Morris Partnership's account. It is undisputed that Fidelity sent the Morris Partnership a transaction confirmation and account statement listing the disputed transfer at issue to the Morris Partnership's address of record in November 2014. The Morris Partnership failed to notify Fidelity that it considered this to be suspicious behavior until 2016. The district court held that the Morris Partnership's failure to provide timely notification barred the Morris Partnership's breach of contract claim.

We review a district court's grant of summary judgment de novo. *See Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 47 (2d Cir. 2012). The Morris Partnership argues that the district court erred because Fidelity was already aware of the relevant activity in the Morris Partnership's account and its allegedly suspicious nature; and that this excused the Morris Partnership's failure to notify Fidelity of its complaint in a timely way. But the limitation of liability provision expressly assigns the Morris Partnership the duty to monitor its account and report unauthorized activity. It failed to do so, and thus the Agreement frees Fidelity from liability.

The Morris Partnership also contends that Fidelity knowingly transferred the Morris Partnership's assets from the Morris Partnership's account into an unauthorized individual's account. The Morris Partnership argues that this is a material breach, which under Massachusetts law excused the Morris Partnership from its obligation under the Agreement to provide timely notice. The Morris Partnership also argues that Fidelity failed to establish harm resulting from the Morris Partnership's breach of the notice provision. The Morris Partnership did not raise these arguments below, and we decline to consider them for the first time on appeal. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (alteration and citations omitted)). Even if we considered them, the Morris Partnership fails to cite cases

supporting its argument that, under Massachusetts law, a prior breach excuses a party's notification obligations.

We have considered the remainder of the Morris Partnership's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk